COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-536-CR
  
  
RAFAEL 
ALVARO PRIETO                                                       APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
appeals from the trial court’s denial of his postconviction motion for DNA 
testing. In a single point, appellant contends that the trial court improperly 
considered his guilty plea in denying the motion.  We affirm.
        Appellant 
had been charged with forcing a boy to give him oral sex and to receive oral sex 
from appellant.  The trial court found, based on the evidence presented by 
the State, that semen was not present in the oral and peri-oral samples in the 
sexual assault kit but that “[t]he presumptive test for semen was positive in 
the Wood’s lamp sampled from the penis of the victim.”  The trial court 
concluded that DNA testing of the samples would not exonerate appellant because 
there was no semen found in the sexual assault kit to test and because 
appellant’s penis did not contact the victim’s penis.  It also found 
that a lack of appellant’s DNA on the victim’s penis would not exonerate 
appellant because there is “no evidence that there would be DNA evidence after 
one performs oral sex on another.”
        We 
hold that the trial court did not improperly consider appellant’s guilty 
plea.  The trial court concluded that appellant did not present evidence 
showing “a reasonable probability that he would not have been convicted had 
DNA testing been done.”  See Act of April 3, 2001, 77th Leg., R.S., 
ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 
64.03(a)(2)(A) (Vernon Supp. 2004-05)).  The trial court correctly 
concluded that the absence of appellant’s DNA in any of the testable material 
would not exonerate appellant.  See Rivera v. State, 89 S.W.3d 55, 
59-60 (Tex. Crim. App. 2002); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997).  Thus, we overrule appellant’s sole point and affirm 
the trial court’s judgment.
  
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
   
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.